# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CORNELIUS BOBO,**
        **Plaintiff,**

    **v.**
                              **Case No. 25-C-171**

**RAFAEL VILLAGOMEZ, et al.,**
        **Defendants.**

## SCREENING ORDER

On April 16, 2025, I screened plaintiff's amended complaint, determined that it did not state a claim, and provided plaintiff a final opportunity to amend his complaint. ECF No. 9. On May 2, 2025, the court received plaintiff's second amended complaint, ECF No. 10, which is before the court for screening.

### I. SCREENING THE SECOND AMENDED COMPLAINT

The court explained the applicable standards for screening complaints in the previous two orders and will not reproduce those standards again here.

### A. Plaintiff's Allegations

The second amended complaint, like the previous complaint, names as defendants Milwaukee Police Officers Juliana Nailen, Rafael Villagomez, and Shaundae McIntosh and Sergeant Justin Schwarznuber. Plaintiff alleges that at around 8:30 p.m. on August 30, 2024, Officers Villagomez and Nailen were dispatched to investigate a stabbing at 7128 W. Appleton Avenue. They spoke with Ashley Hudson, who claimed that plaintiff kicked in her door wielding a knife. Plaintiff says that Hudson stated when she called 911 that plaintiff was kicking in her door, "and she was about to stab him." ECF No. 10 at 2.

The officers arrested plaintiff for domestic violence. He says he had eight stab wounds on his body from Hudson. Plaintiff alleges that Officer Villagomez saw blood on his left arm and on the back of his sweatshirt but did not request medical treatment for his wounds. He says that Officer Nailen similarly saw blood on his body and did not call medical officials. Officer McIntosh wrote in her report of the incident that plaintiff was wearing a "gray hooded sweatshirt with blood on it," but she also did not call for medical attention. *Id.* at 3. Plaintiff says Sergeant Schwarznuber was the shift supervisor at the scene, and he "allowed the negl[i]gence of the officer's" [sic] and placed plaintiff in a holding cell for hours while he was in pain, bleeding, and throwing up blood. *Id.*

Plaintiff alleges that after a shift change the next day, a non-defendant officer saw him on the ground and called an ambulance. He says medical professionals took him to a hospital where they stitched the stab wounds on his back, arm, and leg. Plaintiff says he believed the officers had a protocol to provide him medical attention because a weapon was involved. He says the officers who arrested him neither acknowledged nor reported his injuries and caused him pain and suffering. He attached exhibits that state both that plaintiff (the "suspect") and Hudson (the 911 caller) used the knife to stab the other "during [the] assault." ECF No. 10-1 at 2–4.

Plaintiff asks that the involved officers "be held accountable" for failing to provide him medical attention and leaving him "in a cell for hour's [sic] bleeding and in pain and suffering." *Id.* at 5. He seeks unspecified damages, and he asks "for every district to have nurses staffed there at all times so this kind of situation will never happen again." *Id.*

2

**B. Analysis**

I explained in the first screening order that I analyze plaintiff's allegations under the Fourth Amendment because he "was an arrestee at the time of the alleged events." ECF No. 7 at 3 (citing *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013); *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011)). To state a Fourth Amendment claim, plaintiff's allegations must show that the officers' response to his medical needs "'was objectively unreasonable' and 'caused the harm of which [he] complains.'" *Currie*, 728 F.3d at 631 (quoting *Ortiz*, 656 F.3d at 530). I also explained that plaintiff "must allege facts explaining how each defendant 'personally participated in or caused the unconstitutional actions.'" *Id.* at 3–4 (quoting *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003)).

Although plaintiff's previous complaints did not allege enough facts to satisfy these criteria, his second amended complaint does. Plaintiff alleges that he suffered eight stab wounds during an altercation with Hudson at her house. He says the four officer–defendants arrived and saw blood on him and his clothes but did not call for medical attention. He says Schwarznuber then left plaintiff in a holding cell until another officer found him on the ground the next day and called for medical help. Although it is possible defendants did not realize plaintiff was injured and needed medical attention, plaintiff has alleged enough for the court to infer that each officer personally failed to act reasonably in response to his medical need and caused him harm as a result. I will allow plaintiff to proceed on this Fourth Amendment claim against all defendants. Plaintiff may proceed on his request for damages but may not proceed on his request for injunctive relief that nurses be staffed at all districts for the reasons I explained in the first screening order. *See id.* at 5 (citing *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 894 (7th Cir. 2012)).

**II. CONCLUSION**

**IT IS THEREFORE ORDERED** that the U.S. Marshals Service shall serve a copy of the second amended complaint (ECF No. 10) and this order upon defendants Juliana Nailen, Rafael Villagomez, Shaundae McIntosh, and Justin Schwarznuber of the Milwaukee Police Department pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the second amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 16th day of May, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge