CORNELIUS BOBO,

        Plaintiff,

v.                                    Case No.: 25-CV-171

RAFAEL VILLAGOMEZ, et al.,

        Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME the Defendants, Rafael Villagomez, Juliana Nailen, Shaundae McIntosh, and Justin Schwarzhuber, by their attorney, Evan C. Goyke, City Attorney, represented by William K. Hotchkiss, Assistant City Attorney, and as and for their answer to the Plaintiff's second amended complaint, admit, deny, allege and state as follows:

### PARTIES

1.      Plaintiff is a citizen of Wisconsin, and is located at 8885 S. 68th St,, Franklin, WI 53132.

**RESPONSE**: Based on representations of Plaintiff, admit.

2.      Defendants Rafael Villagomez, Juliana Nailen, Shaundae McIntosh, and Justin Schwarzhuber are citizens of Wisconsin and reside at unknown and worked for MPD Agency 3626 W Fond Du Lac Ave.

**RESPONSE**:  Admit that Defendants are Milwaukee Police Department employees; further admit that 3626 W Fond Du Lac Avenue is the address for Milwaukee Police Department District 7.

## STATEMENT OF CLAIM

3. On 8/30/24 at approximatly [sic] 8:30 pm, Officer Rafael Villagomez, and Juliana Nailen was [sic] dispatched to investigate a stabbing complaint at address 7128 W Appleton Ave.

**RESPONSE:** Admit that officers responded, but deny categorizing the response as investigating

a "stabbing complaint."

4. Upon arrival they met with the alleged victim named Ashley Hudson who claims I (Cornelius Bobo) kicked in her door weilding [sic] a knife but the 911 call clearly states, around 8:17 on 8/30/24, Hudson yelled into the phone stating that her childs [sic] father was kicking in her door and she was about to stab him.

**RESPONSE:** Admit, but deny that responding officers can listen to a 911 call in real time prior

to responding.

5. Around 9:30 on 8/30/24 at 7128 W Appleton I was arrested for domestic violence with 8 wounds to the body that Hudson did.

**RESPONSE:** Admit that Plaintiff was arrested around 9:30 p.m., but deny the implication that

officers knew that Plaintiff had stab wounds to his body; further lack information as to whether

Hudson stabbed Plaintiff, and therefore deny.

6. At the time of arrest P.O. Villagomez obviously observed blood on my left arm and the back of my gray sweat shirt and neglected to seek medical help for my wounds, also P.O. Nailen observed blood on my body at the time of arrest 9:30 7128 W Appleton and neglected to correct her partner and seek medical help.

**RESPONSE:** Deny that Officers Villagomez or Nailen observed that the blood was coming

from Plaintiff. Defendants further allege that multiple times through the arrest and booking

process, Plaintiff declined medical attention and denied having physical injuries.

7. Shaundae McIntosh had also responded to the address of 7128 W. Appleton Ave, on 8/30/24 to assist squad 7430 (P.O. Nailen and P.O. Villagomez) during a stabbing complaint and she wrote in her report that the subject (Cornelius Bobo) was a black male, slim build, black shorts, gray hooded sweat shirt with blood on it but she didn't correct the neglagence [sic] of the other officer's [sic] and seek medical attention for my wounds.

2

**RESPONSE:** Admit that Officer McIntosh responded and admit that the report states there was blood on a gray hooded sweatshirt; futher deny that any neglegence occurred by any of the named defendants. Defendants further allege that multiple times through the arrest and booking process, Plaintiff declined medical attention and denied having physical injuries

8. Sgt Schwarzhuber was the primary shift supperviser [sic] on 8/30/24 and allowed the neglagence [sic] of the officer's [sic] to put me in a cell at @ [sic] D7 10:40 pm 3626 Fond Du Lac Ave, for hours in pain, bleeding, and throwing up blood.

**RESPONSE**: Deny that Sgt. Schwarzhuber allowed negligence or that any negligence occurred. Defendants further lack information as to plaintiff's claims of pain and injury.

9. Sometime after shift change at district 7 on 8/31/24 the officer saw me on the ground and asked if I needed medical attention and called a [sic] ambulance, when they arrived they observed 8 stab wounds on my body and I was taken to freodert [sic] where I received multiple stitches to my back, left arm and right leg.

**RESPONSE**: Defendants lack information as to the exact conversation that Plaintiff alleges took place and therefore deny, but admit that Plaintiff was taken to Froedtert hospital; Defendants further lack information as to the exact medical care Plaintiff received and therefore deny.

10. I was under the impression that whenever a weapon is involved in a [sic] arrest, the officers have a specific protocall [sic] they have to follow which includes medical attention to protect the well being of the victom [sic] or defendant of any harm done to them, and if they was [sic] harmed they can recieve [sic] the help they need and added to the report but yet my injuries wasnt [sic] even acknowledged or reported in my discovery of the case im [sic] fighting now, whitch [sic] alone is a violation of my constitutional right's [sic].

**RESPONSE:** Defendants lack information as to what impression Plaintiff was under. Defendants further deny any violation of the law. Defendants further allege that multiple times through the arrest and booking process, Plaintiff declined medical attention and denied having physical injuries.

11. The officer's [sic] neglected to put all the evidence in the criminal report whitch [sic] is with holding evidence, They also failed to follow protocall [sic] to seek medical attention

3

after a weapon was reported and caused me pain and suffering and emotional damage, the officer also displayed cruel and unusual punishment that could have deprived me of life, liberty, whitch [sic] is a violation of the 14th amendment and 8th amendment…

**RESPONSE**: Deny. Defendants further allege that multiple times through the arrest and booking process, Plaintiff declined medical attention and denied having physical injuries.

12. I can't get my medical record's [sic] because im [sic] incarcerated but im [sic] sending a few pages of my discovery to support my claims, Please [sic] read the blue parts. Please, sorry my hand writting [sic] is bad and sloppy I have bad anxiety. I hope this is enough to move to the next process.

**RESPONSE**: Defendants do not believe this paragraph asserts any allegations against them and therefore do not believe a response is required. To the extent a response is necessary, Defendants lack information as to Plaintiff's claims and therefore deny.

## JURISDICTION

13. I am suing under state law. The state citizenship of the plaintiff is different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $500,000.

**RESPONSE**: Defendants do not believe this jurisdictional paragraph requires a response. To the extent that a response is required, defendants deny that Plaintiff is entitled to any relief.

## RELIEF WANTED

14. I want the 7th district to be held accountable for the neglagence [sic] the officer's [sic] displayed by leaving me in a cell for hour's [sic] bleeding and in pain, and suffering I went through because the officers refused me medical care and cruel and unusual punishment the officers inflicted. I also would like to be compesated [sic] for pain and suffering, neglagence, cruel and unusual punishment, and emotional damage they caused me while in their custody and I would like for every district to have nurses staffed there at all times so this kind of situation will never happen again Please [sic] and thank you.

**RESPONSE**: Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES, Defendants, Rafael Villagomez, Juliana Nailen, Shaundae McIntosh, and Justin Schwarzhuber, allege and state to the Court as follows:

4

1.      Plaintiff's complaint fails to state a claim upon which relief can be granted;

2.      any City of Milwaukee police officers, supervisors or officials acted in good faith, without malice, and pursuant to their duties as law enforcement officers, and are therefore immune from liability to the Plaintiff, pursuant to the doctrine of qualified immunity;

3.      the actions of any City of Milwaukee employees or agents were discretionary or quasi-judicial or quasi-legislative in nature, and are therefore immune from liability regarding any state-law claims, pursuant to Wis. Stat. § 893.80;

4.      the amount of liability of the City of Milwaukee, if any, relative to any state-law claim, is limited pursuant to Wis. Stat § 893.80; and

5.      the Plaintiff failed to file the appropriate notice/claim document(s), and consistent with Wis. Stat. § 893.80, any state-law claims are therefore barred.

WHEREFORE, Defendants, Rafael Villagomez, Julian Nailen, Shaundae McIntosh, and Justin Schwarzhuber, demand judgment as follows:

1.      dismissing the complaint of the Plaintiff as against them on its merits, together with costs and disbursements; and

2.      for such other and further relief as the Court may deem just and equitable.

5

## JURY DEMAND

Defendants, Rafael Villagomez, Julian Nailen, Shaundae McIntosh, and Justin Schwarzhuber, demand a trial by jury of all issues so triable.

Dated and signed at Milwaukee, Wisconsin this 16th day of July, 2025.

EVAN C. GOYKE
City Attorney

*s/William K. Hotchkiss*
WILLIAM K. HOTCHKISS
State Bar No. 1112878
Assistant City Attorney
*Attorneys for Defendants Rafael Villagomez,*
*Juliana Nailen, Shaundae McIntosh, and*
*Justin Schwarzhuber*

**ADDRESS:**
200 E. Wells Street
CH 800
Milwaukee, WI 53202
(414) 286-2601 – Telephone
(414) 286-8550 – Facsimile
Email: whotch@milwaukee.gov

1032-2025-958:298037